UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOSHUA E. KILTON,            )
                             )
    Plaintiff                )
                             )
v.                           )    No. 2:11-cv-292-JAW
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security, )
                             )
    Defendant                )

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge committed reversible error in failing to find that he met or equaled a particular listed impairment, in determining his date of onset of disability, and in identifying certain jobs as being available to the plaintiff at the relevant time. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2006, Record at 11; that he suffered from lumbar degenerative disc disease with congenitally narrow spine, status post

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 12, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

multiple hemilaminotomy, depression, anxiety, and polysubstance abuse in remission, impairments that were severe but which did not, considered separately or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id.* at 11-12; that, prior to January 20, 2009, he had the residual functional capacity ("RFC") to perform light work involving the option to alternate sitting and standing as needed, occasional stooping, crawling, crouching, kneeling, balancing, and climbing of ramps and stairs, no climbing of ladders, ropes, or scaffolds, avoidance of concentrated exposure to hazards such as moving machinery and unprotected heights, and understanding, remembering, and carrying out simple instructions throughout a normal workday and workweek with normal breaks on a sustained basis, Finding 5, *id.* at 13; that, beginning on January 20, 2009, he had the RFC to perform sedentary work involving the option to alternate sitting and standing as needed, occasional stooping, crawling, crouching, kneeling, balancing, and climbing of ramps and stairs, no climbing of ladders, ropes, or scaffolds, avoidance of concentrated exposure to hazards such as moving machinery and unprotected heights, understanding, remembering, and carrying out simple instructions throughout a normal workday and workweek with normal breaks on a sustained basis, and occasional interaction with the general public, with difficulty maintaining attention and concentration throughout an eight-hour workday, and he will be off task for one hour a day, Finding 6, *id.* at 16-17; that he had no past relevant work, Finding 7, *id.* at 17; that, prior to January 20, 2009, given his age (younger individual age 18-49), limited education, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could have performed, Findings 8-9, 11, *id.* at 17-18; that, beginning on January 20, 2009, there were no jobs in the national economy that the plaintiff could perform, Finding 12, *id.* at 19; and that, therefore, the plaintiff was not under a

disability as that term is defined in the Social Security Act at any time through September 30, 2006, the date last insured, for purposes of the SSD application, or prior to January 20, 2009, but was disabled thereafter, Findings 13-14, *id*. The Decision Review Board selected the decision for review but failed to act within 90 days, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 3 of the sequential evaluation process, at which step a claimant bears the burden of proving that his or her impairment or combination of impairments meets or equals a listing. 20 C.F.R. §§ 404.1520(d), 416.920(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a

listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a).

## I. Discussion

### A. Listing 1.04(A)

The plaintiff contends that the administrative law judge should have found that he met or equaled the criteria of Listing 1.04(A). Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 10) at 6-9. The administrative law judge addressed this issue as follows: "Listing 1.04, Disorders of the spine[,] has been considered[;] however, the claimant does not have limitation of motion with motor loss accompanied by sensory or reflex loss of the required severity documented by objective medical evidence to support this listing. (Exhibit[s] 9F, 12F, 17F)." Record at 12. She noted that a state-agency physician had reviewed the medical evidence "and determined that none of the claimant's impairments, either singly or in combination, medically [met] or equal[ed] the criteria of any listed impairments[.]" *Id*. at 13.

"For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Listing 1.04 is a musculoskeletal system listing related to disorders of the spine. The material portions of the Listing are as follows:

> **1.04** *Disorders of the spine* (*e.g.*, herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal cord. With:
> **A.** Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness

> accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

Appendix 1 to Subpart P, 20 C.F.R. Part 404, § 1.04(A) (emphasis in original).

The plaintiff points to physical examinations that "have demonstrated consistently" that his "straight leg raise sitting is positive" as well as straight leg raising in the supine position; that he walks with an antalgic gait and can walk on his toes or heels only with significant pain; MRIs interpreted by a radiologist and an orthopedic surgeon to reveal "extrinsic impression upon the L2 nerve root sleeve at L2-L3, and the L5 and S1 nerve root sleeves" (emphasis omitted); paracentral disc herniation at L3-4 "which clearly impinges upon the exiting L4 nerve root"; persistent numbness in both legs; a central disc protrusion that "appears to touch both S1 nerve roots"; "what appears to be impingement on the L4 and possible L5 nerve root"; reduced range of motion, flexion, and extension; persistent low back pain and bilateral radicular pain, weakness, numbness, and tingling. Itemized Statement at 7-8. He also contends that his symptoms of depression, coupled with these physical symptoms, "are sufficiently severe to equal" the Listing. *Id*. at 8-9. He cites no authority for any of these arguments, and, tellingly, does not specify the diagnosis, among those listed, that is to be found in his medical records.

In addition, the plaintiff cites no authority for the proposition that symptoms of a mental impairment may be combined with symptoms of a physical impairment in order to equal Listing 1.04. My research has located no such authority, and, particularly where, as here, specific objective physical findings make up the requirements of the Listing, I do not see how a lay person could determine that a mental impairment necessarily increased the severity of symptoms of a physical impairment sufficiently to allow the physical impairment to equal the Listing. *See generally Margheim v. Astrue*, No. CV-09-1184-SU, 2011 WL 802705, at *8 (D. Or. Mar. 2, 2011).

The administrative law judge does not cite to the record to support her statement that a physician certified by the relevant state agency had reviewed the medical evidence and determined that none of the claimant's impairments, either singly or in combination, met or equal the criteria of any Listing. Record at 13. My review of the record has not led me to any such report. No medical expert testified at the hearing. The plaintiff's argument, however, appears to present analysis of medical records by a lay person and to expect the court to undertake the same sort of analysis. That, of course, is precluded by longstanding precedent in Social Security law. *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990).

The administrative law judge does present a thorough recounting of the medical evidence with respect to the plaintiff's back pain, including a three-year period of "complete relief" before January 20, 2009. *Id*. at 14-16, 605. This finding alone is sufficient to support a finding that the plaintiff's physical impairments with respect to his back did not meet the Listing before that date, and the administrative law judge has found the plaintiff to be disabled after that date, so the plaintiff is not entitled to remand on the basis of this issue.

### B. Date of Onset

The plaintiff next contends that the administrative law should have found that he was disabled as of September 11, 2005, the date when he was assaulted and stabbed, rather than January 20, 2009. Itemized Statement at 9-10. He asserts that, since September 11, 2005, he "has had persistent and severe mid and lower back pain with severe bilateral pain, numbness and tingling in his legs." *Id*. at 9. This is contradicted by the medical record, cited above, of "complete relief" from back pain for three years before January 20, 2009. The plaintiff relies solely on his own testimony as evidence of the existence of this allegedly debilitating pain, *id*. at

9-10, and his testimony alone is not sufficient to establish the existence of a disabling impairment. 20 C.F.R. §§ 404.1529(b), 416.929(b).

The plaintiff also describes his depression and anxiety during this period as impairments "that reduce his RFC to less than sedentary" and "have existed since the September 11, 2005 attack." *Id*. at 10. The evidence he cites to support these assertions, other than his own testimony, is presented on pages 616 and 649 of the record, but both of those pages consist of summaries of his own statements to potential treatment providers. Such statements neither establish the existence of any mental impairment nor fix the date or period of time at which any mental impairment might have become sufficiently severe to affect the plaintiff's ability to perform work-related functions. In addition, neither recitation refers at all to the date of the assault.

The plaintiff takes nothing by his presentation of this issue.

### C. Jobs Identified at Step 5

The plaintiff's final argument is that none of the jobs that the vocational expert identified at the hearing in response to the administrative law judge's hypothetical question is in fact consistent with that question. The question limited the plaintiff to "understanding, remembering, and carrying out simple instructions throughout a normal workday and work week[,]" and the plaintiff contends that all of the jobs identified carry a reasoning level of 3 in the Dictionary of Occupational Titles, which this court has said makes them unavailable to an individual limited to simple work. Itemized Statement at 11-12.

However, the plaintiff's characterization of the vocational expert's testimony and the jobs identified is incomplete. The administrative law judge did specifically mention the following jobs in her opinion: cashier II, ticket seller, and toll collector. Record at 18. Those jobs are each

7

assigned a reasoning level of 3 by the Dictionary of Occupational Titles. *Dictionary of Occupational Titles* (U. S. Dep't of Labor, 4th ed. rev. 1991), §§ 211.462-010 (cashier II), 211.462-038 (toll collector), 211.467-030 (ticket seller). But, the vocational expert also mentioned two other jobs that were responsive to an even more restrictive hypothetical question, which included all of the elements of the question to which the vocational expert responded with the first three jobs listed above. Record at 56-59. Those jobs, photocopying machine operator and vending machine attendant, have reasoning levels of 2. DOT §§ 207.685-014, 319.464-014.

The existence of this evidence makes it unnecessary to address the question explicitly left open by my recommended decision in *Pepin v. Astrue*, Civil No. 09-464-P-S, 2010 WL 3361841, at *5 n.2 (D. Me. Aug. 24, 2010), the only authority cited by the plaintiff on this point, Itemized Statement at 11: whether a DOT reasoning level of 3 is compatible with a limitation to simple, repetitive tasks.[2]

The plaintiff is not entitled to remand on this basis.[3]

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum,*

---

[2] The defendant filed, with the court's permission, a memorandum of law on this point. Defendant's Memorandum of Law (Docket No. 16).
[3] At oral argument, counsel for the plaintiff contended that the court could not consider this evidence because the court can review only the evidence cited by an administrative law judge as the basis of her conclusions. In addition to the fact that such a standard would result in *pro forma* remands, which would serve the interests neither of the commissioner nor the applicant, it is an incorrect statement of the law. *See, e.g., Hodgson v. Barnhart*, No. 03-185-B-W, 2004 WL 1529264, at *5 (D. Me. June 24, 2004).

*within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 14th day of March, 2012.

                                            <u>/s/ John H. Rich III</u>
                                            John H. Rich III
                                            United States Magistrate Judge